**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| In the Matter of<br><br>UNIVERSITY OF MARYLAND STUDENTS FOR JUSTICE IN PALESTINE**,**<br><br>      *Plaintiff,*<br><br>v.<br><br>BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF MARYLAND,<br><br>UNIVERSITY OF MARYLAND, COLLEGE PARK,<br><br>DARRYLL J. PINES, in his individual capacity and his official capacity as the President of the University of Maryland, College Park,<br><br>      *Defendants*. | Case No.: _____<br><br>**VERIFIED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS** |

## INTRODUCTION

1. University of Maryland Students for Justice in Palestine ("UMD-SJP") brings this First Amendment challenge to University of Maryland, College Park's decision to revoke the student group's approval to host an interfaith vigil on October 7th to mourn lives lost in Israel's ongoing genocide in Gaza—and ultimately ban all student-organized events from taking place on campus that day.

2. The Government did so after pro-Israel groups and individuals opposed to UMD-SJP's message called on the event to be censored.

3. On September 1, 2024, University of Maryland, College Park (UMCP) administrators informed UMD-SJP that the university had revoked approval for the group's

October 7 event. Shortly after, in an email blast to the campus community, a version of which was posted online[1], President Darryll J. Pines confessed that he made his censorship decision due to an "overwhelming" number of complaints he received from people calling on the university to cancel or limit "events" and, as such, the University would "host only university-sponsored events that promote reflection on this day."

4.      Defendant President Pines' statement admits that its extreme action is justified only by imagined problems. In it, he acknowledges that the police told him that there were "no immediate or active threat[s]" against students or the campus on October 7th.

5.      The University System of Maryland (USM) has compounded the problem by making President Pines' October 7th ban on expressive activity statewide. On one day next month, no student-selected speakers will be allowed to present at any of the USM campuses, serving more than 150,000 students—a prior restraint so sweeping only a cataclysm could justify it.

6.      The First Amendment does not allow campus officials to establish free-expression-black-out days, even on occasions that may be emotional or politically polarizing.

7.      The Supreme Court has long recognized that "the government may not regulate speech based on its substantive content or the message it conveys." *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 828 (1995). And banning student-selected speakers, in order to promote the rule maker's content preference (in this case, the Government's "Day of Dialogue"), is not a permissible First Amendment work-around. *Reed v. Town of Gilbert*, 576 U.S. 155, 170 (2015).

---

[1] Darryll J. Pines, President, *Remembering the One-Year Anniversary of October 7, 2023* (Sept. 1, 2024), https://president.umd.edu/articles/remembering-the-one-year-anniversary-of-october-7-2023 (last visited Sept. 14, 2024).

8.      The Government has violated these constitutional commands. By revoking UMD-SJP's permission to host their vigil, which they planned to co-host with Jewish Voice for Peace at the University of Maryland (another recognized student group), the Government censors speech—based on viewpoint, on content, and the identity of the speaker—on a matter of vital public discourse and concern. It has no legally adequate reason to do so.

9.      Without immediate relief from the court, the Government will succeed in stopping UMD-SJP from communicating the message of their choice on one particular day. For UMD-SJP, and many Palestinians and supporters of Palestinian rights, October 7 marks the beginning of Israel's most recent genocidal campaign against Palestinians in Gaza and Plaintiff seeks to commemorate it as such.

## PARTIES

10.      Plaintiff University of Maryland Students for Justice in Palestine ("UMD-SJP") is a student organization formally registered in accordance with University of Maryland, College Park requirements. The organization's purpose is to raise awareness about the human rights violations committed against the Palestinian people. As a registered student organization, UMD-SJP can reserve space on campus, receive and raise funds, and otherwise participate as other student organizations do in student life at the University of Maryland, College Park.

11.      Defendant Board of Regents of the University System of Maryland (Board of Regents) is the governing body for all University of Maryland campuses, of which the University of Maryland, College Park is the "flagship" campus. The University System of Maryland (USM) is an instrumentality of the state and a public corporation, the government of which is vested in the Board of Regents. Md. Code Ann., Educ., §§ 12-102(a)(2), (b). The Board

of Regents may sue and be sued in all courts on behalf of USM. Md. Code Ann., Educ., § 12-104(b)(3).

12.     Defendant University of Maryland, College Park (UMCP) is a constituent institution of the University System of Maryland. The mission of University of Maryland, College Park is to be "the State's flagship campus with programs and faculty nationally and internationally recognized for excellence in research and the advancement of knowledge." Md. Code Ann., Educ., § 12-106(a)(1)(iii)(1)(A).

13.     Defendant Darryll J. Pines is the President of the University of Maryland, College Park. He is being sued in his individual and official capacities. Pursuant to Md. Code Ann., Educ., § 12-109(d)(1), he is the Chief Executive Officer of UMCP. He is responsible for the successful conduct of UMCP and the supervision of each of its departments. The UMCP regulations challenged in this action were approved and issued by the President of UMCP.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the First and Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. § 1983.

15.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and 1391(e) because the acts and injuries alleged occurred in and continue to occur in this judicial district.

## FACTUAL ALLEGATIONS

### First Amendment-Protected Student Activism on Campus

16.     Throughout American history, students have participated in and benefited from the marketplace of ideas on college campuses, particularly with respect to pressing and divisive social and political issues. The student-led Free Speech Movement, which arose on college

4

campuses during the Civil Rights Movement, drew nationwide attention and expanded alongside the movements to demand gender equality and to protest U.S. involvement in the Vietnam War.

17.     Particularly since World War II, the central role played by the U.S. government and American institutions on the world stage has led U.S-based student movements to regularly weigh in on matters of international concern.

18.     Student groups in the State of Maryland are no exception. In April 1987, for example, members of the University of Maryland, College Park's Campus Divestment Coalition held a rally and built a mock shantytown on McKeldin Mall (the same site at controversy in this case) to protest apartheid in South Africa and demand the University of Maryland's divestment from companies doing business in South Africa.[2]

19.     Against this backdrop, the University of Maryland, College Park has recognized the fundamental importance of the First Amendment on its campus. The University's Statement on Free Speech Values states clearly that "it must promote an environment in which any and all ideas are presented", giving students "the right to think the unthinkable, discuss the unmentionable, and challenge the unchallengeable."[3]

20.     Defendant University of Maryland, College Park has established a system for the formal recognition of student organizations. Recognized student organizations are entitled to use university facilities, organizational funds, and administrative support.

21.     These facilities include McKeldin Mall, "a nine-acre area in the heart of the campus...the largest academic mall in the United States", which is "available for events hosted

---

[2] *Student Activism at University of Maryland*, University Libraries, University of Maryland, https://lib.guides.umd.edu/UMDstudentactivism (last visited September 14, 2024).
[3] *Statement of Free Speech Values*, University of Maryland, Office of the President, https://policies.umd.edu/statement-free-speech-values (last visited September 14, 2024).

by University departments and student orgs."[4] McKeldin Mall is well known as the best place to raise awareness about an issue on campus. Protests and awareness events on a myriad of issues take place there regularly, and as such, UMCP has operated it as a limited public forum for students and registered student organizations. UMD-SJP has been able to reserve this space numerous times in the past, including already this school year.

22.     Plaintiff UMD-SJP is a student organization formed and operated by undergraduate and graduate students currently enrolled at the University of Maryland, College Park. UMD-SJP is governed by an executive board. The organization brings students together to peacefully express their views on Palestine and Israel. Continuing the history of advocacy on matters of international concern at UMCP, Plaintiff has worked to raise awareness about the genocide in Gaza and other Israeli government abuses of Palestinians.

**UMCP Gives Students for Justice in Palestine Permission to Hold October 7th Vigil**

23.     As a recognized student organization, UMD-SJP and its members are within the class of persons or groups for which the University of Maryland, College Park makes its facilities including McKeldin Mall, available.

24.     On July 31, 2024, a member of the board of UMD-SJP submitted a reservation request through the University of Maryland, College Park's reservation system to hold an "Awareness Event" on October 7, 2024 on the McKeldin Mall. UMD-SJP received an email confirming their reservation of McKeldin Mall the same day. Exhibit A – Event Request Approval. After their reservation was confirmed, it was listed publicly in the student event

---

[4] *McKeldin Mall*, University of Maryland, Division of Student Affairs, https://stamp.umd.edu/events/event_guest_services/rooms/mckeldin_mall (last visited September 14, 2024).

registration system. There were no details of the event listed, just that UMD-SJP had reserved McKeldin Mall on October 7th for a certain period of time.

25.     UMD-SJP planned to use their reservation of McKeldin Mall to hold a vigil commemorating the thousands of lives lost since the initiation of Israel's current attack on Gaza, but also much more. Over the course of the day, the group planned to host a number of different activities, including teach-ins about Palestinian history, culture and solidarity between Palestinians and other marginalized groups; tables highlighting Palestinian art and traditional crafts; a visual display of kites, a motif in Palestinian poetry; as well as a vigil and inter-faith prayers. They have invited several UMD-SJP members who have personally lost family members in Gaza to speak.

26.     UMD-SJP chose October 7th specifically because it is a day with great significance. Plaintiff's view is that October 7th marks the beginning of Israel's most recent genocidal campaign which has killed over 40,000 Palestinians in Gaza, with some putting the number at over 186,000.[5] UMD-SJP knows that fellow students will be engaging most with the meaning of October 7th on that date itself, rather that day before or after. UMD-SJP's members, supporters, and others who share the student group's views want an opportunity to join together to share their collective message with the wider UMCP community about what October 7th means to them.

27.     Jewish Voice for Peace at the University of Maryland (JVP-UMD) planned to co-sponsor UMD-SJP's event. At the vigil, JVP-UMD "had planned to build a community space to grieve all innocent lives that have been lost in the past year, Palestinian and Israeli,

---

[5] Rasha Khatib, Martin McKee and Salim Yusuf, *Counting the Dead in Gaza: difficult but essential*, THE LANCET (July 20, 2024) ("Applying a conservative estimate of four indirect deaths per one direct death to the 37 396 deaths reported, it is not implausible to estimate that up to 186 000 or even more deaths could be attributable to the current conflict in Gaza" (internal citation removed)).

while acknowledging the unique magnitude of Palestinian suffering as the death toll in Gaza climbs ….."[6]

28.    UMD-SJP's intended use of McKeldin Mall is entirely consistent with the Mall's past uses and the uses for which UMCP makes the space available.

29.    On August 2, 2024, a member of the UMCP administration requested to meet with students from UMD-SJP and a meeting was arranged for August 19, 2024 at 9am over Zoom.

30.    Present at the meeting on August 19, 2024 were defendant President Pines, Vice President for Student Affairs Patricia Perillo, and a few members of the UMD-SJP board. During the meeting, UMD-SJP shared that the purpose of its reservation of McKeldin Mall was to host a vigil to commemorate Palestinian lives lost since the beginning of Israel's genocide in Gaza on October 7th and provide a space for their community to process their emotions and grieve together. The board members also shared that they had not finalized the exact details of their event.

31.    Defendant President Pines and Vice President Perillo shared that they had been receiving pressure from groups inside and outside of the University to cancel UMD-SJP's reservation, but that they were committed to protecting the free speech of students. Pines and Perillo stated some groups on campus were angered by UMD-SJP's reservation of McKeldin Mall, the largest open area on campus, but that the reservation rightly belonged to UMD-SJP and that UMD-SJP had followed all event planning and facility reservation policies.

---

[6] Jewish Voice for Peace at the University of Maryland (@jvp_umd), INSTAGRAM, https://www.instagram.com/p/C_bZtiFPLG8/?img_index=3 (last accessed September 16, 2024).

**Anti-Palestinian Groups Pressure UMCP to Censor Students for Justice in Palestine**

32.    While UMCP administrators admit that they heard directly from many people asking for UMD-SJP's October 7th event to be cancelled, some of these requests were very public. Notably, none of those requesting that UMD-SJP's event on October 7th be censored or cancelled had any information about the content of the proposed event. These demands were based solely on the fact that UMD-SJP had reserved space on October 7th, stereotypes about SJP, and disagreement with what it believed UMD-SJP's message might be on that day.

33.    An open letter titled "Letter from the Community to Leaders of the University of Maryland" addressed to Chancellor Perman, President Pines, Provost Rice, and Vice President Perillo began circulating for signatures.[7] The letter demanded that the university "immediately shut down the event" should students "accuse Israel of committing genocide" or make "any mention of Israel as an apartheid state" which the letter stated was "not agreed to by the US State Department" and would be viewed by the signatories as "an antisemitic attack." *See* Exhibit D – Letter from the Community to Leaders of the University of Maryland.

34.    The letter also called on UMCP to censor a number of other phrases and viewpoints should they be expressed at the vigil, including mentioning that Israel had killed over 150,000 Palestinians, using the word "freedom fighters," "martyrs," or "intifada."

35.    While the letter concluded, "To be clear, we are not asking that SJP be denied their right to assemble," it also stated "there is a probability" that SJP's event would express the viewpoints and use the language the letters' signatories found disagreeable. To be clear, adopting the requests made by this letter would constitute content-based discrimination, while

---

[7] *Letter from the Community to Leaders of the University of Maryland,* https://docs.google.com/forms/d/e/1FAIpQLSeRBDF4VzVJK0swE6IWT4CfJN31t3YZRSUjyEUTnYW N37i51g/viewform  (last accessed September 15, 2024).

mandating a singular perspective about one of the most widely debated political issues of our time.

36.     Another petition was started on August 29, 2024 by a group which frequently attempts to blacklist people who express opinions critical of Israel online. This petition titled "Stop Terror on Campus: Urge Universities to Ban Antisemitic Protests on October 7" explicitly called on the University of Maryland, College Park to rescind permission for SJP to use campus space on October 7th.[8]

37.     This petition did not include any information about UMD-SJP's proposed event or why they found it objectionable, instead concluding that any use of University space by SJP would be "disgusting", analogizing it to "granting permission to white supremacists to burn a cross on campus on the day commemorating the assassination of Dr. Martin Luther King Jr." As of this writing, the petition has received 27,960 signatures.

38.     Seemingly acknowledging the dubious legality of what they are demanding, the petition states that "The lawyers among us will tell you that when there is a will, there is a way" and that "Hiding behind the First Amendment will not work".

39.     Other anti-Palestinian and/or pro-Israel groups also lobbied UMCP to cancel or censor UMD-SJP's event because these groups disagreed with the viewpoint of the message they believed UMD-SJP would convey.[9]

---

[8] *Stop Terror on Campus: Urge Universities to Ban Antisemitic Protests on October 7,* https://www.change.org/p/stop-terror-on-campus-urge-universities-to-ban-antisemitic-protests-on-october-7 (last accessed September 15, 2024).
[9] See JI Staff, "University of Maryland reverses decision to allow Oct. 7 anti-Israel protest on campus", https://www.yahoo.com/news/university-maryland-reverses-decision-allow-234811554.html (last accessed September 16, 2024); Sam Janesch, "University of Maryland to block some student events on Oct. 7 anniversary, including vigil for Palestinians", https://www.baltimoresun.com/2024/09/02/university-of-maryland-oct-7-anniversary/ (last accessed September 16, 2024).

**The Government Revokes Plaintiff's Permission to Hold its Vigil and Bans Statewide
All Student-Selected Speakers on October 7**

40.     Defendant President Pines not only acquiesced to the demands of the letter from
UMCP community members, he went beyond their demands, siding with the racist claims of an
extreme anti-Palestinian group, and cancelled UMD-SJP's event altogether.

41.     On August 28, 2024 Vice President Perillo reached out to a board member of
UMD-SJP to request a meeting or a phone call. The board member scheduled a phone call for
2pm the same day.

42.     During the phone call, Vice President Perillo stated that parties outside of the
University were concerned that UMD-SJP's event on October 7 would "glorify violence". In
response, the UMD-SJP board member shared that the reason for the event was to honor the
tens of thousands of innocent lives lost, as well as to humanize Palestinians to the UMCP
community. The board member shared UMD-SJP's proposed schedule for the day, which would
include teach-ins in the afternoon, a few speakers from UMD-SJP who have lost family
members in Gaza, as well as a vigil in the evening.

43.     On Sunday, September 1, 2024, UMCP administration emailed UMD-SJP board
members at 2:18pm informing them that they needed to attend a meeting at 7pm that day.
UMD-SJP asked the purpose of the meeting, which was not answered.

44.     During the Zoom meeting at 7pm on September 1, 2024 UMCP administrators
informed UMD-SJP that they were revoking its October 7th reservation over a concern for
"student safety", which was not specified. Defendant President Pines and Vice President Perillo
informed the UMD-SJP members that the University would be announcing the cancellation of
all student organization reservations on October 7th and that only university-sponsored events

11

would be permitted. Vice President Perillo pressured the students to reschedule their event for October 8th.

45.     At no time did President Pines, Vice President Perillo or any other University of Maryland, College Park employee indicate that UMD-SJP had failed to comply with university policy or any other conditions necessary to proceed with the event.

46.     A short time later, Pines sent an email to the UMCP community titled "Remembering the One-Year Anniversary of October 7, 2023." <mark>Exhibit C</mark> – Message from President Darryll J. Pines.

47.     In the letter, Pines declared that "all [] expressive events" scheduled for October 7th will be cancelled. Instead, President Pines declared that it would only permit "university sponsored events that promote reflection on [October 7th]." In effect, President Pines declared publicly that SJP-UMD's vigil would be cancelled.

48.     The letter states that "questions have been raised about the events of the day." Upon information and belief, the event referred to here is SJP-UMD's vigil.

49.     The letter states that "[n]umerous calls have been made to cancel and restrict the events that take place that day…" Upon information and belief, the event referred to here is SJP-UMD's vigil and the scrutiny of it by anti-Palestinian organizations.

50.     Pines stated that he had "requested a routine and targeted safety assessment for this day" and cancelled SJP-UMD's vigil despite the University of Maryland Police Department finding "no immediate or active threat[s]" (emphasis original) related to the event. This is in direct contradiction to what he told UMD-SJP just moments before, that its event would be cancelled due to a concern for "student safety".

51.     The letter states that "All other expressive events will be held prior to October 7, and then resume on October 8 in accordance with time, place, and manner considerations of the First Amendment." Pines is claiming that the complete suspension of the First Amendment, absent any safety concerns, for one day of significance is a legitimate time, place, and manner restriction.

52.     Defendant University System of Maryland also released a statement on September 1, 2024 titled "The University System of Maryland on Marking October 7."[10] While stating that the ban on expressive events was statewide, it stated that "USM is asking our campus communities to come together on Oct. 7 to encourage activities that support a Day of Dialogue." *See* Exhibit B – USM on Marking October 7. This means that, on October 7, campus officials statewide will be pick each and every speaker put in front of students.

53.     After Pines canceled SJP's vigil, JVP-UMD published a statement on September 2nd condemning the decision: "As Jews who plan to grieve as Jews, who had planned to pray, observe Yahrzeit and collectively feel the gravity of the devastation that has taken place since last October 7, we denounce the university's decision to silence us."[11]

54.     After the ban on October 7th expressive activities was announced, four pro-Israel UMCP student organizations (Jewish Student Union, Terps for Israel, Israeli American Council, and Maryland Hillel) issued a joint statement that they were "reassured" that UMD-SJP would no longer be permitted to host its event on McKeldin Mall, or anywhere on campus, on October 7th.[12] Even these organizations, who wanted UMD-SJP's event to be cancelled, seem to believe

---

[10] *The University System of Maryland on Marking October 7*, University System of Maryland, https://www.usmd.edu/newsroom/news/2427 (last accessed September 15, 2024).
[11] Jewish Voice for Peace at the University of Maryland (@jvp_umd), INSTAGRAM, https://www.instagram.com/p/C_bZtiFPLG8/?img_index=3 (last accessed September 16, 2024).
[12] Jewish Student Union at the University of Maryland (@jsu.umd), INSTAGRAM, https://www.instagram.com/p/C_Zca3vRYSD (last accessed September 16, 2024).

that banning all expressive events was a step too far, stating that having only university-sponsored events on October 7th "is not an ideal situation". These groups state that they "wish that we could have utilized campus space to grieve together as a community."

55.   In an update posted on September 2, 2024 to the petition calling for UMCP to cancel SJP's vigil, the authors take credit for and praise UMCP's decision stating, "Thanks to the overwhelming support for this petition, the University of Maryland recognized the need to change its policy and revoked SJP's permission to protest on October 7."[13]

56.   On September 4, 2024, the Council on American-Islamic Relations (CAIR) and Palestine Legal, who now represent the Plaintiff, sent a letter to Jay Rossello, University of Maryland's Vice President for Legal Affairs and General Counsel, explaining that President Pines' suspension of student expression violated the First Amendment and calling on UMD to confirm that it would reinstate UMD-SJP's event.[14] UMD has not responded to the substance of this letter.

## INJURIES TO PLAINTIFF

57.   Plaintiff UMD-SJP is injured by defendants University System of Maryland, University of Maryland, College Park, and President Pines cancelling its planned October 7, 2024 vigil based on the objections of groups and individuals who disagreed with UMD-SJP's message. Content, viewpoint, and speaker-based discrimination, unless narrowly tailored to a compelling interest, violates the First Amendment, and the "loss of First Amendment freedoms,

---

[13] *Stop Terror on Campus: Urge Universities to Ban Antisemitic Protests on October 7,* https://www.change.org/p/stop-terror-on-campus-urge-universities-to-ban-antisemitic-protests-on-october-7 (last accessed September 15, 2024).
[14] *RE: University of Maryland Students for Justice in Palestine Vigil,* CAIR Legal Defense Fund and Palestine Legal, https://www.cair.com/wp-content/uploads/2024/09/Demand-Ltr-on-behalf-of-UMD-SJP-re-First-Amendment-Violation-9.5.2024.pdf (last accessed September 15, 2024).

for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

58.     But for the Government's expressive conduct ban, UMD-SJP would hold its October 7, 2024 vigil. UMCP confirmed the reservation of McKeldin Mall for this event on July 31, 2024 and UMCP administrators discussed the planning of the event with UMD-SJP on at least two occasions. Thus, Plaintiff has been injured because President Pines' ban defied UMCP campus policy and deprived Plaintiff of the benefits the policy confers to all student groups.

59.     Rescheduling Plaintiff's vigil makes the injury permanent. The vigil UMD-SJP planned is to commemorate a specific anniversary, October 7th, and conducting its event on that date is a core part of the group's speech. UMD-SJP chose this date specifically because of the emotional significance that it holds for members of its organization, and because it will be a day where its message would be able to receive significant attention from the campus at-large.

## CAUSES OF ACTION

### First Claim for Relief
### First Amendment to the U. S. Constitution – Freedom of Speech, (42 U.S.C. § 1983)

60.     The First Amendment binds the State of Maryland pursuant to the incorporation doctrine of the Fourteenth Amendment. In all of the following paragraphs, references to the First Amendment include the First Amendment as applied to the states through the Fourteenth Amendment.

61.     The Government's decision to cancel all expressive activity statewide on October 7th amounts to illegal content, viewpoint, and speaker-based discrimination against UMD-SJP.

62.     All students on public university campuses have the First Amendment right to speak and hold events through student organizations. *Healy v. James*, 408 U.S. 169, 180 (1972).

63.     How, when, with whom and what UMD-SJP communicates are integral parts of the student group's message. This is especially true with regards to its message about the meaning of October 7th, a date that holds special significance to UMD-SJP and its supporters.

64.     The Government's revocation of permission to hold a vigil on October 7th denies UMD-SJP's right to speak entirely. No student-selected speakers, including those picked by Plaintiff, can present on any campus in the USM system for one particular day, and this distinction between student-selected speakers and university-selected speakers impermissibly furthers the System's own viewpoint—that October 7 should be a "Day of Dialogue" dedicated to "reflection."

65.     The revocation of permission unconstitutionally censors and penalizes UMD-SJP on the basis of the content of its message and the student group's viewpoint that October 7th marks the start of Israel's most recent genocidal campaign in Gaza.

66.     Viewpoint-based discrimination is presumptively unconstitutional in any setting. Its dangers are magnified in the university setting, because it interferes with long-recognized academic freedom principles. *Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 828-30 (1995).

67.     Because UMCP's viewpoint, content, and speaker-based restriction does not survive strict scrutiny, i.e., it is not "narrowly tailored to serve compelling state interests" – it is an unconstitutional restriction on speech in a limited public forum. *Reed v. Town of Gilbert*, 576 U.S. at 163.

68.     It is clearly established that "laws favoring some speakers over others demand strict scrutiny when the [rule maker's] speaker preference reflects a content preference," and that restricting the speech of an entire class of speakers does not make a law content neutral. *Id*. at 170.

69.     Defendants are engaging in unconstitutional content-based discrimination by allowing only "university-sponsored events that promote reflection" on October 7th.

70.     By not putting a stop to President Pines' actions, and in fact adopting their own statement across the University System of Maryland restricting expression on October 7th, the Board of Regents evidence an intent to allow this viewpoint discrimination against UMD-SJP to continue.

71.     Even if the court found the restriction content-neutral, the decision to prohibit all non-university-sponsored speech on October 7 would not survive intermediate scrutiny because of its unbelievable breadth.

72.     University of Maryland, College Park routinely provides facilities, funding, and resources for expressive activities of registered student organizations like UMD-SJP.

73.     McKeldin Mall is a limited public forum that UMCP makes available to students and student organizations for student expression. *ACLU v. Mote,* 423 F.3d, 443 (4th Cir. 2005).

74.     Because UMCP's prohibition on content- and viewpoint-based restrictions does not satisfy strict scrutiny, it constitutes an unconstitutional restriction of speech in a public forum. *Id*. at 270; *Reed v. Town of Gilbert*, 576 U.S. at 163.

75.     Defendants' prohibition against student-selected speakers in a campus limited public forum serves no compelling state interest. Pines asserted no such interest, simply proclaiming his preference that October 7th should be a day of prioritizing "reflection".

76.     Pines' claim that only "university-sponsored events that promote reflection" will be allowed October 7th in order to prioritize "safety" is not narrowly-drawn, because Pines, in the same message, stated that UMPD had assured him that there is <u>no immediate or active threat</u>", rather he was making the decision to restrict campus speakers "out of an abundance of caution". This amount of caution moves Pines' restriction far beyond a permissible time, place or manner restriction.

77.      UMD's content and viewpoint-based prohibition, as stated in President Pine's September 1 message to the campus community, bars Plaintiff from engaging in protected expressive activity in a campus limited public forum, in violation of its First Amendment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, in light of the foregoing facts and arguments, Plaintiffs respectfully request that this Court:

A.     Issue preliminary and permanent injunctive relief restraining Defendant from prohibiting SJP UMD's vigil from taking place on October 7, 2024;

B.     Declare Pines' Expressive Conduct Ban unconstitutional under the First Amendment to the United States Constitution;

C.     Award Plaintiff's costs of suit and reasonable attorneys' fees and other expenses under 42 U.S.C. § 1998; and

D.     Award Plaintiff's damages for the violation of the student group's First Amendment rights.

E.     Grant such additional relief as the interests of justice may require.

Dated:

Respectfully submitted,

LENA MASRI
GADEIR ABBAS^
COUNCIL ON AMERICAN-ISLAMIC
RELATIONS (CAIR)
453 New Jersey Ave, SE
Washington, DC 20003
Tel: (202) 742-6420
Fax: (202) 488-0833
gAbbas@cair.com
*licensed in VA; not in DC*

RADHIKA SAINATH*
NY Bar No. 5252127
TORI PORELL*
CA Bar No.  323784
PALESTINE LEGAL
55 Exchange Place
New York, NY, 10005
Tel: (312) 212-0448
radhika@palestinelegal.org
tporell@palestinelegal.org
*Pro Hac Vice* Motions Forthcoming

*Counsel for Plaintiffs*