IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| **University of Maryland Students for Justice in Palestine**, <br><br> Plaintiff, <br><br> v. <br><br> **Board of Regents et al.**, <br><br> Defendants. | Case No. 24-cv-02683 |

**MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE
AMERICAN CIVIL LIBERTIES UNION,
AMERICAN CIVIL LIBERTIES UNION OF MARYLAND,
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION,
AND KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY
IN SUPPORT OF PLAINTIFF UNIVERSITY OF MARYLAND STUDENTS
FOR JUSTICE IN PALESTINE'S MOTION FOR A TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

Pursuant to Local Rule 12(b) of this Court, the American Civil Liberties Union, American Civil Liberties Union of Maryland, Foundation for Individual Rights and Expression, and Knight First Amendment Institute at Columbia University (collectively, "Amici"), by and through undersigned counsel, respectfully move this Court to grant them leave to file an amici curiae brief in support of Plaintiff University of Maryland Students for Justice in Palestine's ("UMD SJP" or "SJP") Motion for a Temporary Restraining Order and Preliminary Injunction. In support of this motion, Amici submit their proposed brief and state as follows:

1. The ACLU is a nationwide, non-partisan, non-profit organization dedicated to defending the principles embodied in the Constitution and our nation's civil rights laws. The

American Civil Liberties Union of Maryland is a state affiliate of the national ACLU dedicated to protecting the civil rights and civil liberties of residents of the State of Maryland. The ACLU, ACLU of Maryland, and other ACLU state affiliates have frequently appeared before federal courts as counsel for a party or as amicus curiae in First Amendment cases involving the rights of speech and assembly in higher education. *See, e.g.*, *Students for Justice in Palestine at the University of Florida v. Raymond Rodrigues, et al.*, No. 1:23-cv-00275, 2024 WL 374543 (N.D. Fla. Jan. 31, 2024); *Black Emergency Response Team v. Drummond*, 2024 WL 3015359 (W.D. Okla. June 14, 2024); *Pernell v. Lamb, et al.*, No. 4:22-cv-304 (N.D. Fla. filed Aug. 18, 2022).

2.    The Foundation for Individual Rights and Expression ("FIRE") is a nonpartisan, nonprofit organization dedicated to defending the individual rights of all Americans to free speech and free thought—the essential qualities of liberty. FIRE recognizes that colleges and universities play a vital role in preserving free inquiry within a free society. Since 1999, FIRE has successfully defended First Amendment rights on campuses nationwide through public advocacy, targeted litigation, and *amicus curiae* filings in cases that implicate student and faculty rights. *See, e.g.*, *Diei v. Boyd*, No. 23-5771, 2024 WL 4211967 (6th Cir. Sept. 17, 2024); *Novoa v. Diaz*, 641 F. Supp. 3d. 1218, 2022 WL 16985720 (N.D. Fla. 2022), *appeal pending* No. 22-13994 (docketed Nov. 30, 2022); Br. for *Amicus Curiae* FIRE in Supp. of Pl.-Appellant, *Heim v. Daniel*, 81 F.4th 212 (2d Cir. 2023). To best prepare students for success in our democracy, FIRE believes the law must remain unequivocally on the side of robust free speech rights on campus.

3.    The Knight First Amendment Institute at Columbia University is a non-partisan, not-for-profit organization that works to defend the freedoms of speech and the press in the digital age through strategic litigation, research, and public education. The Institute's aim is to promote a

system of free expression that is open and inclusive, that broadens and elevates public discourse, and that fosters creativity, accountability, and effective self-government.

4.  Amici's proposed brief is relevant to the proper resolution of this case. The brief addresses governing case law from the Supreme Court of the United States and Fourth Circuit, which makes clear that the First Amendment protects on-campus speech from content-based and unreasonable restrictions like those pursued by the University of Maryland here. It notes that in the Fourth Circuit, public university campuses are limited/designated public forums where content-based restrictions on student speech are subject to strict scrutiny. It discusses how the University's restrictions here are content-based and fail strict scrutiny. And it emphasizes that even if strict scrutiny did not apply, the University's categorical restriction on expressive speech on October 7 would still violate the First Amendment because it is unreasonable.

5.  Amici have provided notice to all parties of their intent to file an amici curiae brief. This motion is unopposed. Plaintiff consents to the filing of the proposed brief. Defendants indicated that they do not oppose the filing of the proposed brief.

6.  No party's counsel authored the proposed amici curiae brief in whole or in part. No party's counsel contributed money to fund the preparation and/or submission of the proposed brief.

## CONCLUSION

For the foregoing reasons, Amici respectfully request that this Court grant the motion for leave to file a brief of amici curiae.

Dated: September 25, 2024                          Respectfully submitted,

                                                   /s/ Nicholas Taichi Steiner
Tyler Takemoto*                                    Nicholas Taichi Steiner (Bar No. 19670)
Brian Hauss*                                       David Rocah (Bar No. 27315)
Vera Eidelman*                                     AMERICAN CIVIL LIBERTIES UNION
Brett Max Kaufman*                                    FOUNDATION OF MARYLAND
  *Of Counsel*                                     3600 Clipper Mill Road Suite 200

AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
ttakemoto@aclu.org
bhauss@aclu.org
veidelman@aclu.org
bkaufman@aclu.org
**not admitted in Maryland*

Baltimore, MD 21211
(410) 889-8555
steiner@aclu.md-org
rocah@aclu-md.org

*Counsel for Amici Curiae*