UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| **University of Maryland Students for Justice in Palestine,**  Plaintiff,  v.  **Board of Regents** et al.  Defendants. | Case No. 8:24-cv-02683-PJM  Hon. Peter J. Messitte  Plaintiff's Notice re Citation to Unpublished Opinion in its Reply Brief |

## NOTICE

Shortly after filing their reply, Plaintiff's counsel learned that a Fourth Circuit case—*Rock for Life-UMBC v. Hrabowski*, 411 F. App'x 541 (4th Cir. 2010)—presented as controlling is, in fact, an unpublished opinion. At the time of filing, Plaintiff was not aware of this and counsel apologizes for this oversight.

On pages 3 through 5 of Plaintiff's reply (Dkt.30), Plaintiff uses *Rock for Life* to establish the Government's obligation to address their security concerns in ways less restrictive than a complete speech ban. Though *Rock for Life*'s concurrence proclaims that "an educational institution in this Circuit is now required by the First Amendment to address th[e] additional safety concerns by providing a security presence," because it does so in an unpublished opinion, Plaintiff's counsel was mistaken to say that the case controls.

The same principle, however, is found in another Fourth Circuit case. Indeed, decades before *Rock for Life,* the Fourth Circuit explained—in a published opinion—that the threats to order and safety that comprise a heckler's veto are among "the most persistent and insidious

1

threats to First Amendment rights." *Berger v. Battaglia*, 779 F.2d 992, 1001 (4th Cir. 1985). In *Berger,* the Fourth Circuit held that "perhaps the only [response] wholly consistent with the First Amendment" to an attempted heckler's veto is to "say to those offended…that their right to protest…by all peaceable means would be as stringently safeguarded" as the speech being protested. *Berger v. Battaglia*, 779 F.2d 992, 1001 (4th Cir. 1985). In other words, the solution to concerns about safety is to provide more security. It is why, even before *Rock for Life* was decided in an unpublished opinion, the Fourth Circuit held that restrictions "based on theoretical reactions by others to conduct protected by the First Amendment ha[ve] long been condemned" as constitutional violations. *Id.* at 1002. (internal quotes omitted).  *See also Christian Knights of Ku Klux Klan Invisible Empire, Inc. v. Stuart*, 934 F.2d 318 (4th Cir. 1991) ("A governmental entity may not permanently enjoin otherwise legal expression because of the threat of a hostile reaction from the public"); *Edwards v. South Carolina,* 372 U.S. 229, 237 (1963) ("Freedom of speech is protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest").

Dated: September 28, 2024                                                                  Respectfully submitted,

/s/Lena Masri
Lena Masri
Gadeir Abbas*
**CAIR LDF**
453 New Jersey Ave
Wash, D.C. 20003
T: (202) 488-8787
ldf@cair.com

*Licensed in VA; not in D.C., practice limited to federal matters

Radhika Sainath*

Tori Porell*
**PALESTINE LEGAL**
55 Exchange Place
New York, NY, 10005
T: (312) 212-0448
radhika@palestinelegal.org
tporell@palestinelegal.org
*Admitted *Pro Hac Vice*
